UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOSEPH ANGILLETTA and ROSEMARIE
ANGILLETTA, individually and as Guardians
and Natural Parents of CHRISTINA ANGILLETTA,
an infant,

                              Plaintiffs,

       - against -

MAMARONECK UNION FREE SCHOOL
DISTRICT; DR. PAUL R. FRIED, Individually
and in his Official Capacity; DR. SETH
WEITZMAN, Individually and in his Official
Capacity; DR. ROSEMARIE COLETTI,
Individually and in her Official Capacity; and
OMAR RODRIQUEZ, Individually and in his
Official Capacity,

                             Defendants.
---------------------------------------------------------------x

07 Civ. 0085 (CLB)

*Memorandum and Order*

Brieant, J.

      Before this Court for consideration is the Report and Recommendation of the Honorable Lisa Margaret Smith, United States Magistrate Judge, filed May 11, 2007 in this civil rights action and Objections filed thereto by defendants Mamaroneck Union Free School District, Dr. Paul R. Fried, Dr. Seth Weitzman and Rosemarie Coletti on May 30, 2007 (Doc. 39) and Objections filed by the Plaintiffs on May 22, 2007.

      Familiarity on the part of the readers with the Report and Recommendation and the Objections is assumed. The filing of the Objections requires this Court to review *de novo* that portion of the Magistrate Judge's report which is objected to. The Court may accept, reject or modify in whole or in part all of the findings or recommendations made by the Magistrate Judge.

See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

Plaintiffs commenced this action on January 5, 2007.  Plaintiffs now disclaim that they are suing under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88 and intend now to rely solely on 42 U.S.C. § 1983.  Defendants are the Marmaroneck Union Free School District, Dr. Paul R. Fried, Superintendent of Schools, Dr. Seth Weitzman, Principal of the Hommocks Middle School, Assistant Superintendent for Administration and Personnel Dr. Rosemarie Coletti and Omar Rodriguez, formerly a teacher of the school and a felon whose criminal misconduct in this case is sought to be used as a basis to collect monetary damages from the remaining Defendants.

Plaintiffs moved before the Magistrate Judge under Rule 15a to "eliminate all references to Title IX in their Complaint in order to make clear that they are pursuing only claims under § 1983 and state law in this action."  The District and defendants Weitzman, Fried and Coletti (Moving Defendants before the Magistrate Judge) opposed the motion to the extent that the proposed Amended Complaint alleges claims against them under § 1983 and the Moving Defendants also moved before the Magistrate Judge pursuant to Rule 12(b)(6) Fed. R. Civ. P. for an order dismissing Plaintiff's Title IX and § 1983 claims against them.

The Magistrate Judge concluded and recommended that the Plaintiff's Motion to Amend should be granted.  To this extent the Court agrees, because the authors of the Complaint are entitled to be masters of their own pleading.  The Court agrees that the Amended Complaint

states a valid claim under 42 U.S.C. § 1983 against defendant Omar Rodriguez, who is not moving.

As discussed below, the proposed resolution of the Moving Defendants 12(b)(6) motion presents serious legal and factual issues which are not fully resolved by the Report and Recommendation. That motion is now deemed directed to the Amended Complaint.

The relevant facts as set forth in the Amended Complaint are that Omar Rodriguez had been hired by the School District on September 1, 2002 as a music teacher on a three year probationary period leading to possible tenure at Hommocks Middle School. Plaintiffs allege and their allegations must be treated as true for purposes of the motion, that to the knowledge of staff and administrators at the School District, Rodriguez was observed "flirting with students, engaging in inappropriate and obscene communication with staff and administrators, teaching class in a darkened room and locking the doors to his classroom while it was occupied by students." Notwithstanding these observations, he was offered tenure on September 1, 2005.

Plaintiffs' underage child, Christina, was a student in a choir class with Rodriguez. Beginning in September 2004, the teacher began touching her in an inappropriate manner and on numerous occasions was physically affectionate with her between 2004 and 2006, as the result of which the child suffered severe emotional distress. Rodriguez also behaved inappropriately and sexually molested other students to the knowledge of Defendants, who took inadequate disciplinary action. On April 4, 2006, defendant Weitzman told the parents that their

child had been interviewed and had been inappropriately touched by Rodriguez. Rodriguez was arrested on April 6, 2006 and charged with rape and endangerment of a child other than Plaintiffs'. Plaintiffs' child was granted a Temporary Order of Protection against Rodriguez, who was later convicted on his plea of guilty to one Count of Statutory Rape and endangering the welfare of another child. He was sentenced on February 8, 2007 to six months imprisonment and ten years probation and his teaching license was revoked.

The Magistrate Judge recommended that the Motion to Dismiss under Rule 12(b)(6) by the School District and the individual Defendants be denied. The moving Defendants object to this conclusion and this Court agrees with their position.

It does not matter whether the Amended Complaint mentions Title IX in any way or not. The facts of the case as pleaded are within Title IX, and Title IX, in effect, therefore subsumes Plaintiffs' claims under 42 U.S.C. § 1983 as against everybody sued herein except Omar Rodriguez. This Court has previously so held in *Zamora v. the North Salem Central School District,* 414 F. Supp.2d 418 (S.D.N.Y. 2006). As a matter of law, Title IX provides the exclusive remedy for a student deprived of his or her Constitutional right to an educational environment free of sexual harassment, and as found in *Zamora,* "Congress intended Title IX to be the appropriate vehicle to protect all of plaintiff's rights arising in this situation as Title IX's enforcement scheme fully addresses her Constitutional claims against the School District and School Board."

*Zamora* in turn relies on *Bruneau v. South Kortright Central School District*, 163 F.3d 749, 759 (2d Cir. 1998). This Court concludes that the so-called *Sea Clammers* Doctrine (*Middlesex County Sewerage Authority v. National Sea Clammers Associations*, 453 U.S. 1 (1981)) has the effect of barring § 1983 litigation against school districts under fact situations controlled by Title IX. This is so regardless of whether the complaint refers to Title IX. An artful pleader may not evade Congressional policy as reflected by *Sea Clammers.* To the same effect are *Doe v. Smith,* 470 F.3d 331, 339-40 (2d Cir. 2006) and *Pfeiffer v. Marion Center Area School District*, 917 F.2d 779, 789 (3d Cir. 1990).

This Court recognizes as have others that suits against the alleged malefactor, in this case Omar Rodriguez, may proceed under § 1983 but the claim cannot proceed against those who violated Title IX by their failure to take a more positive position in the case. See also *Hayut v. State University of New York,* 352 F.3d 733 (2d Cir. 2003). This Court is not controlled by the *Cinquanti* case decided by a district judge of the Northern District and unofficially reported at 2000 WL 949640 (N.D.N.Y. 2000).

The Report is modified to the extent that the Amended Complaint and the action are dismissed as against Dr. Paul R. Fried, Dr. Rosemary Coletti and Dr. Seth Weitzman only. The § 1983 claims are also dismissed against the Mamaroneck Union Free School District.

Plaintiffs have the right, if so advised, to continue their action against Omar Rodriguez under § 1983, and may assert any claims arising under state law *(respondeat superior)* over

which this Court would have supplemental jurisdiction, against the School District.

As amended by this decision, the Report and Recommendation is adopted as the decision of this Court and the motions are disposed of consistently therewith. The Court declines at this time to make the finding contemplated by Rule 54(b) Fed. R. Civ. P.

X

X

X

X

X

SO ORDERED.

SO ORDERED.

Dated: White Plains, New York
      June 18, 2007

                                                Charles L. Brieant, U.S.D.J.